**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALIE KAMARA, | No. 08-71753 |
| Petitioner, | Agency No. A079-612-801 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Alie Kamara, a native and citizen of Sierra Leone, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations in immigration proceedings. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Kamara contends the harm he and his family suffered in Sierra Leone was on account of his religion and his actual or imputed political opinion. Substantial evidence supports the BIA's finding that Kamara failed to establish he was persecuted on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (petitioner did not show guerrillas would persecute him because of his political opinion rather than his refusal to join). Accordingly, Kamara's asylum claim, including his claim for humanitarian asylum, and his withholding of removal claim fail.

Substantial evidence also supports the denial of CAT relief because Kamara failed to establish it is more likely than not that he will be tortured if returned to Sierra Leone. *See Sowe v. Mukasey*, 538 F.3d 1281, 1289-90 (9th Cir. 2008). Kamara's contention that the BIA failed to give independent consideration to his CAT claim is belied by the record.

08-71753

Further, Kamara's due process claims fail because he has not shown the BIA erred. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process challenge to deportation proceedings).

Finally, we deny Kamara's motion to strike the government's answering brief.

**PETITION FOR REVIEW DENIED.**